# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALSCO INC., <br><br> Plaintiff, <br><br> v. <br><br> EARL D. DELBRIDGE, and ATLANTA'S FINEST LINENS, INC., <br><br> Defendants. | Civil Case No. 1:18-cv-02624-LMM <br><br> Judge William M Ray II |

## DEFENDANT ATLANTA'S FINEST LINENS, INC.'S MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW Defendant Atlanta's Finest Linens, Inc. ("Atlanta's Finest Linens") and, pursuant to Local Rule 7.2(E), and hereby files this Motion requesting reconsideration of the Court's Order issued on March 26, 2019, dismissing Atlanta's Finest Linens' counterclaims for Tortious Interference with Business Relations and Tortious Interference with Contractual Relations. Additionally, Atlanta's Finest Linens requests leave from the Court to amend its Complaint to include an equitable cause of action for violations of the Deceptive Trade Practices Act and O.C.G.A. § 13-12-3.

## INTRODUCTION

Atlanta's Finest Linens, a start-up business, has been deprived of millions of dollars of revenue as a result of the patently improper actions of Alsco. Alsco deceived customers that had either 1) signed contracts with Atlanta's Finest Linens; or 2) promised to sign them, such that Atlanta's Finest Linens prepared to service these customers. These facts, which must be assumed to be true, <u>must</u> provide a remedy of some kind to Atlanta's Finest Linens under Georgia law. Atlanta's Finest Linens respectfully requests that this Court recognize this legal requirement and grant this Motion for Reconsideration.

If Atlanta's Finest Linens' counterclaims are dismissed and this Court affirms its decision that Alsco was not a stranger to Atlanta's Finest Linens' contractual relationships with <u>its own</u> customers, then Atlanta's Finest Linens will be left without a remedy for the wrong caused by Alsco. This flies in the face of Georgia's long-standing precedent that, for every wrong, the law must provide a remedy.

Second, the Court's holding on this issue pushes the stranger doctrine further than any Court, state or federal, has been willing to go. There not a single case, and Alsco has not provided one, in which a Georgia court has found that two competing companies are not strangers to each others contracts. The Court's

current holding is based on Alsco's argument, which has no legal support, that because Alsco was the first-in-time to contract with the customers at issue, Alsco is now immune from prosecution for tortious interference. Such a holding would grant <u>any</u> party immunity from tortious interference simply by being the first party to obtain a customers' business.

Instead, the <u>only</u> inquiries relevant to whether Alsco is a stranger to Atlanta's Finest Linens' contracts are whether 1) Alsco is a party to Atlanta's Finest Linens' contracts; or 2) Alsco stands to benefit financially from Atlanta's Finest Linens' contracts. The answer to both of those questions is no.

Finally, Atlanta's Finest Linens seeks leave to amend its Answer & Counterclaims to add injunctive counterclaims under the Georgia Uniform Deceptive Trade Practices Act and O.C.G.A. § 13-12-3.

## LEGAL STANDARD FOR RECONSIDERATION

Reconsideration is proper to correct manifest errors of law or fact. <u>See</u> Rule 60(b), Fed.R.Civ.P.; <u>Caisse Nationale de Credit Agricole v. CBI Industries, Inc.</u>, 90 F.3d 1264 (7th Cir.1996)("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."); <u>Summit Medical Center of Alabama, Inc. v. Riley</u>, 284 F.Supp.2d 1350, 1355 (M.D.Ala.2003)("A motion to reconsider is only available when a

3

party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.").

With that in mind, Plaintiff respectfully requests reconsideration of this matter in order to correct manifest errors of law. The sole issue for reconsideration in this matter is:

Whether Alsco, a direct competitor of Atlanta's Finest Linens, is a stranger to Atlanta's Finest Linens' contracts with its own customers.

### ARGUMENT/LEGAL AUTHORITY

**I.    Atlanta's Finest Linens' wrong must have a legal remedy.**

It is inherent in Georgia law that for every wrong done to a party, there must be a remedy under the law. In fact, as recently acknowledged by the United States Supreme Court, such a guarantee is enshrined in nearly three-quarters of state constitutions. Stoneridge Inv. Partners, LLC v. Sci.-Atlanta, 552 U.S. 148, 177, 128 S. Ct. 761, 780, 169 L. Ed. 2d 627 (2008).

The Georgia Supreme Court has specifically noted this idea, stating:

> A wrong in every case implies a cause for action, and vice versa. Is not the wrong, then, on the basis of legal principle, beyond question, identified as the cause? By force of the law of remedy, upon its

> commission there arises a right to action, and, when properly shown by the facts, it becomes to a court the sufficient cause for action.

City of Columbus v. Anglin, 120 Ga. 785, 48 S.E. 318, 320 (1904); see also Hannah v. Lovelace-Young Lumber Co., 159 Ga. 856, 127 S.E. 225, 228 (1925)("[T]hat for every wrong the law supplies a remedy ... The law should and does afford a redress for every wrong…"); Harrell v. Cane Growers' Co-op. Ass'n, 160 Ga. 30, 126 S.E. 531, 543 (1925)("It is the purpose of the law to provide a remedy for every wrong."); Jones v. Campbell-Taggart Associated Bakeries, 63 F.2d 58, 60 (5th Cir. 1933)("Fundamental maxims are that equity looks to the intent rather than the form, and will not suffer a wrong without a remedy.").

This idea is also enshrined in Georgia statutes O.C.G.A. §§ 9-2-8, 51-1-6. These provisions acknowledge that Georgia law generally allows a party that has been injured by another party's breach of a legal duty to recover damages for the injury. See O.C.G.A. §§ 9-2-8, 51-1-6. Even where "no cause of action is given in express terms," the injured party may recover for the breach of such legal duty if he suffers damage thereby.

In this case, Atlanta's Finest Linens has most certainly been injured by the improper actions taken by Alsco. Atlanta's Finest Linens admits and agrees that it is within Alsco's rights to enforce the valid terms of its contracts with its customers. However, Alsco's improper actions were to lie to its customers

5

regarding their legal ability to transfer their business to Atlanta's Finest Linens and threaten abusive civil suits. See <u>U.S. Capital Funding VI, Ltd v. Patterson Bankshares, Inc.</u>, 137 F. Supp. 3d 1340, 1371 (S.D. Ga. 2015)(finding that abusive civil suits, fraud, and misrepresentation to be improper conduct in claims for tortious interference). It is these misrepresentations regarding the termination terms of its contracts and threats of punitive civil suits which were improper and without privilege.

Additionally, Atlanta's Finest Linens has recently discovered, through Alsco's document production, that Alsco has been illegally enforcing auto-renewal portions of its contracts in violation of O.C.G.A. § 13-12-3. This statute provides that:

> [a]ny seller that … leases … any service to a consumer pursuant to a service contract for a specified period of 12 months or more and that automatically renews for a specified period of more than one month, unless the consumer cancels the contract, shall provide the consumer with written or electronic notification of the automatic renewal provision. Notification shall be provided to the consumer no less than 30 days or no more than 60 days before the cancellation deadline pursuant to the automatic renewal provision.

Documents produced during discovery have revealed the Ippolito's Italian Restaurant, an Atlanta's Finest Linens' customer who sought to properly and legally terminate its contract with Alsco, <u>repeatedly</u> tried to cancel its contract with

Alsco, only to be told that it had missed the "deadline" to do so pursuant to an auto-renewal portion of the contract. See Exhibit A, *Alsco's Correspondence with Ippolito's*. Because of this "missed deadline" Alsco claims that Ippolito's is now obligated for another calendar year to its contract with Alsco.

This action very clearly violates Georgia law designed to protect consumers and allow consumers to select their service provider of choice. In this case, Alsco has violated this statute in order to prevent Ippolito's from changing its service to Atlanta's Finest Linens. Alsco has taken this illegal action in an attempt prevent Atlanta's Finest Linens from competing in the market.

These actions – misrepresenting termination terms of contracts to its customers and enforcing illegal terms of such contracts – have caused direct harm to Atlanta's Finest Linens. These are customers that signed contracts with Atlanta's Finest Linens. Atlanta's Finest Linens invested money in purchasing product in anticipation of servicing these clients. The fact that Alsco had a relationship with these customers first has no bearing on the harm Alsco is intentionally causing to Atlanta's Finest Linens' business caused to it by Alsco's improper actions.

Claims for tortious interference are Atlanta's Finest Linens' only available remedies to recover the damages which have clearly been caused by Alsco's

failure to compete in the market within the appropriate boundaries of the law – i.e. not lying to Atlanta's Finest Linens' customers regarding the consequences of terminating their contracts with Alsco. Although Atlanta's Finest Linens has sought to add claims under the Georgia Uniform Deceptive Trade Practices Act ("GUDTPA"), the only relief available under the GUDTPA is injunctive relief. Iler Grp., Inc. v. Discrete Wireless, Inc., 90 F. Supp. 3d 1329, 1342 (N.D. Ga. 2015).

The practicality of barring Atlanta's Finest Linens' claims for tortious interference (both its claim for contractual interference and interference with prospective business relations) is to rubber-stamp Alsco's misleading and illegal behavior and granting it carte-blanche to continue its improper, deceitful, and unjustifiable behavior to prevent Atlanta's Finest Linens, a start-up company, from gaining access to the market.

Under Georgia law, Atlanta's Finest Linens' wrong must have a remedy. And here, that remedy is provided via a claim for tortious interference with contractual and prospective business relations. If the Court's view of the stranger doctrine as it relates to these facts is that Georgia law is unclear and that it is a "flip of a coin" whether Atlanta's Finest Linens may bring such a claim, then the spirit of the law demands that Atlanta's Finest Linens be granted a remedy for the losses

it has suffered and not to bar its only ability to recover damages for a wrong that was caused by Alsco.

## II. No Georgia case has ever found two direct competitors are not strangers to each other's customer contracts.

At the hearing held on March 4, 2019, the Court expressed concern that no precedent existed for a new competing organization to assert claims of tortious interference against its preexisting competitor. The question presented was whether Alsco, as a pre-existing competitor of Atlanta's Finest Linens, could tortiously interfere with its former customers' new relationship with Atlanta's Finest Linens. Alsco argued that, because it had contracts with the same customers first, it could not be a stranger to Atlanta's Finest Linens' own contracts with these same customers.

There is absolutely no legal precedent or authority for this argument and Alsco failed to cite to a single case which it claims does make such a holding. This is because this first-in-time argument it is not relevant to the analysis of whether Alsco is a stranger to Atlanta's Finest Linens contracts. Instead, the only question is whether Alsco 1) is a party to the contracts between Atlanta's Finest Linens' and its customers; or 2) Alsco stands to benefit financially from the contracts between

Atlanta's Finest Linens' and its customers. See U.S. Capital Funding VI, Ltd v. Patterson Bankshares, Inc., 137 F. Supp. 3d 1340, 1371 (S.D. Ga. 2015).

Alsco and Atlanta's Finest Linens are direct competitors in the linens' rental market. As very clearly stated by Judge Cohen on this issue – there is no Georgia precedent holding that "two companies in direct competition … are not strangers to an agreement between one of the companies and a third party." See Interra Int'l, LLC v. Al Khafaji, No. 1:16-CV-1523-MHC, 2017 WL 4866266, at *8 (N.D. Ga. Mar. 21, 2017).

Atlanta's Finest Linens and Alsco do not share economic interests and neither party stands to benefit financially from each other's contracts with the same sought-after customers. The only thing which Atlanta's Finest Linens and Alsco share is the pool of customers for which they compete. This alone cannot create a financial interest in each other's separate contracts with customers. In fact, it creates adverse interests in each other's contracts.

These two parties also cannot be found to be in an "interwoven contractual relationship" because such cases deal with corporate structures such as subsidiaries, parent companies, and other affiliated corporate entities. See Lyman v. Cellchem Intern., LLC, 335 Ga. App. 266, 779 S.E.2d 474 (2015).

To accept Alsco's argument that it cannot be held liable for its misrepresentations, threats of punitive civil lawsuits, and/or its enforcement of illegal contract terms, simply because Alsco worked with these customers first, would grant Alsco free reign to continue this type of behavior. Atlanta's Finest Linens has already lost millions of dollars in revenue as a result of Alsco's improper actions and simply seeks an avenue to recover such lost business. Alsco cannot be found immune from such actions simply because it existed first, and there is no legal precedent to support such an argument.

### III. Atlanta's Finest Linens seeks leave of Court to amend its Answer to add a claim for injunctive relief.

Atlanta's Finest Linens requests leave of Court, pursuant to Rule 15(a)(2) of the Fed.R.Civ.P. to amend its Answer in order to add counterclaims seeking injunctive relief pursuant to the Georgia Uniform Deceptive Trade Secrets Act and O.C.G.A. §13-12-3. A copy of Atlanta's Finest Linens' proposed Third Amended Answer & Counterclaim is attached hereto at Exhibit B.

The Federal Rules of Civil Procedure allow that, after the period permitting amendment as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R.Civ.P. 15(a)(2). In the absence of any

apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Atlanta's Finest Linens seeks leave of Court to add counterclaims for Alsco's violations of the Georgia Uniform Deceptive Trade Practices Act and violations of O.C.G.A. §13-12-3. These amendments should have no impact on the parties' ability to conduct discovery as the underlying factual allegations are the same – that Alsco has improperly threatened abusive civil litigation, misrepresented the terms of customer contracts in an effort to prevent such customers from working with Atlanta's Finest Linens. The Georgia Uniform Deceptive Trade Practices Act provides only injunctive relief. As a result of the Court's holding that Atlanta's Finest Linens' cannot seek damages pursuant to claims for tortious interference, Atlanta's Finest Linens is left without a legal remedy, and therefore, seeks injunctive and equitable relief.

The only new factual allegations in this proposed Third Amended Answer & Counterclaim – that Alsco is illegally enforcing auto-renewal terms prohibited by

O.C.G.A. §13-12-3 – were only recently discovered with Alsco's production of documents during discovery. Atlanta's Finest Linens has promptly asserted these new claims.

Therefore, Atlanta's Finest Linens requests this Court grant its Motion for Leave to Amend its Answer & Counterclaims.

## CONCLUSION

Based on the foregoing arguments, Atlanta's Finest Linens respectfully requests that this Court reconsider its Order Dismissing Atlanta's Finest Linens and DENY Alsco's Motion to Dismiss.

In the alternative, Atlanta's Finest Linens seeks leave of Court to amend its Answer and assert claims for injunctive relief against Alsco.

Respectfully submitted, this 1st day of April, 2019.

**OWEN GLEATON EGAN JONES & SWEENEY, LLP**

/s/ David Pardue
_____
David L. Pardue
Georgia Bar No.: 561217
Leslie B. Hartnett
Georgia Bar No.: 236877

1180 Peachtree Street, NE
Suite 3000
Atlanta, Georgia 30309
Telephone: (404) 688-2600
Facsimile: (404) 525-4347

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing *Atlanta's Finest Linens' Motion for Reconsideration* upon all counsel of record by using the Court's electronic filing and service system, which will send notice to:

| | |
|---|---|
| Scott M. Petersen, *admitted pro hac vice* <br> Melanie S. Grayson, *admitted pro hac vice* <br> Fabian VanCott <br> 215 S. State Street, Suite 1200 <br> Salt Lake City, 84111 <br> spetersen@fabianvancott.com <br> mgrayson@fabianvancott.com | Jennifer A. Kennedy-Coggins <br> Cozen O'Connor <br> Georgia Bar No. 141577 <br> 1230 Peachtree Street NE Suite 400 <br> Atlanta, GA 30309 <br> JKennedy-Coggins@cozen.com |

This <u>1st</u> day of April, 2019.

**OWEN GLEATON EGAN JONES & SWEENEY, LLP**

/s/ David Pardue
_____
David Pardue
Georgia Bar No. 561217

1180 Peachtree Street, N.E.
Suite 3000
Atlanta, Georgia 30309
404-688-2600-phone
404-525-4347 – facsimile
DPardue@owengleaton.com